UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

CRUISE ABACO LLC
    Plaintiff,

v.

COBY LAKE and JERRY LAKE
    Defendants,
_____/

Case No.
IN ADMIRALTY

# COMPLAINT

Plaintiff, Cruise Abaco LLC ("Cruise Abaco"), through undersigned counsel and for its Complaint against the Defendants, Coby Lake and Jerry Lake (collectively known as the "Lakes"), states as follows:

1. This is a case within this Court's Admiralty and Maritime Jurisdiction and Supplemental Jurisdiction as hereinafter more fully appears, and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. On or about December 29, 2022, Cruise Abaco and Coby Lake entered into a Bareboat Charter Contract Agreement (the "Contract") for the period December 31, 2022 through January 7, 2023. The Contract is attached hereto as **Exhibit 'A'**. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and the general maritime law for breach of a maritime contract.

3. This Court also has supplemental jurisdiction over Counts II-VII pursuant to 28 U.S.C. § 1367 as the parties are closely related and the liability and damages arise out of the same core of operative facts.

4. Venue is appropriate under 28 United States Code § 1391(b)(3) and in accordance with the Parties' contract which provides:

> **JURISDICTION AND VENUE**. It is agreed by and between Manager and Charterer that all disputes and maters whatsoever arising under, in connection with or incident to this Agreement, including travel to and from the Vessel, shall be litigated, if at all, before the United States District Court for the Middle District of Florida in Orlando, or as those lawsuits over which the Federal District Courts of the United States lack subject matter jurisdiction, before a court located in Brevard County, Florida, U.S.A. to the exclusion of the Courts of any other county, state, or country.
> (**Exhibit 'A' ¶ 29**).

5. Cruise Abaco is a Florida Limited Liability Company with its principal place of business at 125 Forest Street, Windermere, Florida.

6. Coby Lake is a natural person residing at 5416 Old Leeds Rd., Birmingham, Alabama.

7. Jerry Lake is a natural person believed to be residing in Tuscaloosa, Alabama.

8. Cruise Abaco is in the business of chartering vessels for recreational use, either bareboat or with a captain.

9. At all times material, Cruise Abaco owned and managed the vessel *SPRINGLINE*, a Fountaine Pajot MY44 Powercat (the "Vessel"), which was equipped with a motorized dinghy (the "Dinghy").

10. Pursuant to the Contract, Cruise Abaco chartered the Vessel to Coby Lake who took possession on December 31, 2022. In exchange, Coby Lake was to pay Thirteen Thousand Nine Hundred Thirty-Three Dollars and Thirty-Five Cents ($13,933.35).

11. At all times material, Jerry Lake, Ivey Lake, Hollis Lake, Banks Lake and Della Lake were guests onboard the Vessel during the charter.

12. At approximately 13:06 on January 3, 2023, Coby Lake informed Cruise Abaco that the motor "fell off the Dinghy" while they were towing it behind the Vessel.

13. After receiving this news, Cruise Abaco discovered the Lakes navigated the Vessel through an area called Don't Rock Pass. Don't Rock Pass is clearly marked as a danger area on a chart (referred to in the Contract as the "Navigational Map") incorporated into the Contract.

14. The Contract provides:

> **BAREBOAT CHARTER** … We have the right to cancel the charter and refund your money or, alternatively, require you to change to a captained charter if, in our sole discretion, you do not demonstrate the seamanship and navigational skills required to safely operate the Vessel.
> (**Exhibit 'A' ¶ 6**).

15. Pursuant to this clause, Cruise Abaco exercised its option to require a captain for the remainder of the charter as Coby Lake failed to demonstrate the seamanship and navigational skills required to safely operate the Vessel. Cruise Abaco informed Coby Lake of this decision at approximately 21:20 on January 3, 2023, and that a captain would come to the Vessel the following day.

16. On or about January 4, 2023, the Lakes and their guests abandoned the Vessel at Green Turtle Cay, rather than completing the charter and returning it to Marsh Harbour, Great Abaco.

17. Coby Lake charged back all the amounts paid for the charter by credit card and to date has paid none of the amounts due in violation of the Contract.

18. Neither Coby nor Jerry Lake paid for the lost Dinghy motor and equipment.

19. Coby and Jerry Lake then posted false and defamatory statements against Cruise Abaco online on Google Reviews, and conspired with and encouraged others to post additional negative reviews, with the intent to harm Cruise Abaco.

## COUNT I
## BREACH OF CONTRACT AGAINST DEFENDANT COBY LAKE

20. Cruise Abaco re-alleges and incorporates Paragraphs 1 through 19, as if fully stated herein.

21. On or about December 29, 2022, Cruise Abaco and Coby Lake entered into the Contract.

22. The Contract provides, in pertinent part:

4. **DEPOSIT AND PAYMENT INFORMATION** … Any charter booked with less than 90 days remaining before arrival require payment in full at the time of booking. All payments must be received before the Payment Deadline or we may cancel your charter and notify you of such cancellation. *Once a charter has commenced, unless a mechanical failure occurs as described in paragraph 12 below, there are no refunds of any monies collected for the charter and it is deemed as completed and accepted…*

\*\*\*

6. **BAREBOAT CHARTER** … We have the right to cancel the charter and refund your money *or, alternatively, require you to change to a captained charter if, in our sole discretion, you do not demonstrate the seamanship and navigational skills required to safely operate the Vessel.*

\*\*\*

9. **DINGHY USE**. Except in the case of an emergency, the dinghy is not to be used in the open ocean. Dinghy use in harbors is permitted after dark with diligent use of portable flashlights and life vests. You must be 21 or older to operate the dinghy and no operation of the dinghy is permitted, if under the influence of drugs (including any prescription drugs that may impair your reaction time) or alcohol. *You are responsible for any damage or loss of the dinghy or its motor.* If you run aground or hit anything with the dinghy, you agree to report the incident immediately to Cruise Abaco on VHF channel 09 or by phone.

\*\*\*

16. **REPRESENTATIONS AND WARRANTIES.** *Charterer represents and warrants to Manager that:* (i) Charterer has the necessary capacity and authority to enter this Agreement and to carry out its obligations under this Agreement and this Agreement shall constitute a legal, valid and binding obligation of Charterer enforceable against Charterer in accordance with its terms; … *(iv) Charterer has the requisite experience, seamanship skills, navigational skills, emergency medical training and familiarity with the Third Party Property to safely and effectively use the Vessel and other Third Party*

> ***Property during the charter*** and care for its Passengers throughout the charter…
>
>           \*\*\*
>
> 18. **INDEMNIFICATION**. Charterer, jointly and severally, agrees to indemnify, defend, pay the defense costs of, and hold harmless Manager, and each of its affiliates, officers, managers, members, partners, agents, employees, vessels, captains, crew, successors and assigns (jointly and severally, the "Manager Parties"), from any and against any and all losses, damages, costs, expenses, liabilities, obligations and claims of any kind (including, without limitation, reasonable attorneys' fees and other legal costs and expenses, collectively, "Losses") directly or indirectly based on, arising out of or relating to: *(i) any breach of, or inaccuracy in, any covenant, representation or warranty of Charterer set forth this Agreement; (ii) the use of the Vessel, dinghy or any other equipment chartered under this Agreement, including without limitation, any Losses relating to any damage to any property (including any property owned by third parties)*, or from death or injury to any person or persons (including third parties), *in proportion to and to the extent such Losses arise from the negligence or willful misconduct of Charterer or any Passenger, guest, employee or agent of Charterer.* The defense and indemnification duties set forth in this paragraph are separate, severable obligations.
>
> (**Exhibit 'A'** ¶ ¶ 4, 6, 9, 16, 18)(emphasis added).

23. Coby Lake failed to demonstrate the seamanship and navigational skills required under the Contract and breached the express warranty as to those skills.

24. Coby Lake materially breached the Contract by failing to operate the Vessel safely.

25. Coby Lake further breached the Contract by improperly towing the Dinghy, which resulted in the motor and other equipment being lost.

26. Coby Lake <u>continues</u> to breach the Contract by failing to pay anything for the charter, the Dinghy motor, or the lost equipment.

27. Coby Lake's material breaches resulted in foreseeable damage to Cruise Abaco. Cruise Abaco's damages include but are not limited to: loss of use of the Vessel, fuel and Vessel operating expenses, loss of profits for the charter, loss of use of the Dinghy, loss of the Dinghy's motor and equipment, and other consequential damages in amounts to be proved at trial.

WHEREFORE, Plaintiff, Cruise Abaco, requests entry of Judgment against Defendant, Coby Lake, for the aforesaid damages, plus pre and post-judgment interest, costs, and attorneys' fees, and for such other and further relief as is deemed just and proper.

## COUNT II
## NEGLIGENCE AGAINST DEFENDANT JERRY LAKE

28. Cruise Abaco re-alleges and incorporates Paragraphs 1 through 19, as if fully stated herein.

29. At all relevant times during the charter, Jerry Lake was a guest on board the Vessel.

30. Upon information and belief, Jerry Lake used the Vessel and its Dinghy, and was involved in the Vessel's navigation and improper towing of the Dinghy.

31. Jerry Lake owed Cruise Abaco a duty of care to use the Vessel and its Dinghy in a safe and prudent manner.

32. Jerry Lake breached his duty by navigating the Vessel through an unsafe pass.

33. Jerry Lake breached his duty by improperly towing the Dinghy behind the Vessel, resulting in losing the motor and other equipment inside the Dinghy.

34. Jerry Lake is jointly and severally liable to Cruise Abaco for any damages due to his negligence.

35. Jerry Lake's acts and/or omissions resulted in foreseeable damage to the Dinghy and the Vessel's equipment as well as economic damages to Cruise Abaco, including but not limited to; loss of use of the Dinghy, the cost to replace the motor and the lost equipment, and other consequential damages in amounts to be proved at trial.

WHEREFORE, Plaintiff, Cruise Abaco, requests entry of Judgment against Defendant, Jerry Lake, jointly and severally, for the aforesaid damages, plus pre- and post-Judgment interest, costs, and for such other and further relief as is deemed just and proper.

## COUNT III
## ACCOUNT STATED AGAINST DEFENDANT COBY LAKE

36. Cruise Abaco re-alleges and incorporates Paragraphs 1 through 19, as if fully stated herein.

37. Cruise Abaco and Coby Lake entered into a Contract wherein Coby Lake would pay Cruise Abaco Thirteen Thousand Nine Hundred Thirty-Three

Dollars and Thirty-Five Cents ($13,933.35) to rent the Vessel. See Invoice attached hereto as **Exhibit 'B'**.

38. An account existed between the parties in which the parties had a series of charges, payments, and adjustments.

39. On January 8, 2023, Cruise Abaco rendered a statement to Coby Lake indicating additional funds due for the loss of the Dinghy motor, fuel, and abandoned boat recovery in the amount of Seven Thousand Four Hundred Twenty-Seven dollars and Ninety-Seven Cents ($7,427.97). See Invoice attached hereto as **Exhibit 'C'**.

40. On January 9, 2023, Cruise Abaco requested payment for the remainder of the Contract price for Nine Hundred Thirty-Six Dollars ($936.00). See email requesting payment attached hereto as **Exhibit 'D'**.

41. Coby Lake did not dispute the Contract amount or the additional funds due. Instead, he charged back credit card payments already made.

42. Coby Lake expressly promised to pay Cruise Abaco the Contract amount plus the additional amounts due by entering into the Contract.

43. Coby Lake charged back his credit card and has failed to pay <u>any</u> of the amounts due and owing for this account under the Contract.

WHEREFORE, Plaintiff, Cruise Abaco, requests entry of Judgment against Defendant, Coby Lake, as follows:

    a. Awarding Cruise Abaco all amounts due and owing under the aforementioned account;

    b. Interest; and

    c. Such further relief this court deems just and proper.

## COUNT IV
## BREACH OF BAILMENT AGAINST DEFENDANT COBY LAKE

44. Cruise Abaco re-alleges and incorporates Paragraphs 1 through 19, as if fully stated herein.

45. As part of the Contract, Cruise Abaco provided Coby Lake with the exclusive use of Cruise Abaco's Dinghy while onboard the Vessel from December 31, 2022 through January 7, 2023.

46. Coby Lake accepted and used the Dinghy, which included its motor and other equipment.

47. Coby Lake failed to use reasonable care to protect the Dinghy and lost its motor and other equipment.

48. Cruise Abaco was damaged as a result of Coby Lake's failure to use reasonable care.

WHEREFORE, Plaintiff, Cruise Abaco, requests entry of Judgment against Defendant, Coby Lake, as follows:

    a. The cost incurred by Cruise Abaco to replace the Dinghy's motor and equipment;

b.  Interest; and

c.  Such further relief this court deems just and proper.

## COUNT V
## CIVIL CONSPIRACY TO DEFAME AGAINST DEFENDANTS COBY LAKE AND JERRY LAKE

49. Cruise Abaco re-alleges and incorporates Paragraphs 1 through 19, as if fully stated herein.

50. Coby and Jerry Lake conspired to compose and publish multiple false and defamatory reviews regarding Cruise Abaco.

51. In furtherance of this conspiracy, it is believed the Defendants encouraged friends and/or family to publish one-star reviews on Google, with near identical comments, in an effort to bolster the defamatory reviews published by the Defendants themselves, with the intent of damaging Cruise Abaco's business.

52. Coby and Jerry Lake each published false and defamatory one-star reviews on Google.

53. Coincidental to Coby and Jerry Lake's own defamatory statements, four additional one-star reviews were posted, all stating virtually identical comments (*i.e.* "[y]ou've been warned, use a different charter company" and "[y]ou've been warned, use a better charter company"). The reviews were published under the names Janet Norman, Jean Hinton, L B, and Debbie Beatty; none of the reviewers' names coincided with any of Coby Lake's charter guests, and it is believed that the

Defendants deliberately encouraged and directed others to publish these additional reviews in order to bolster their own defamatory statements and to increase the harm caused to Cruise Abaco. The reviews are attached hereto as **Composite Exhibit 'E'**.

54. Due to this conspiracy to publish <u>multiple</u> negative reviews, Cruise Abaco's bookings for the first quarter following the reviews, were down by approximately sixty-four percent (64%).

55. Cruise Abaco continues to suffer losses due to the negative reviews, by virtue of fewer bookings.

WHEREFORE, Plaintiff, Cruise Abaco, requests entry of Judgment against Defendants, Coby Lake and Jerry Lake, as follows:

a. Awarding Cruise Abaco all compensatory damages including consequential and incidental damages as a result of Coby Lake and Jerry Lake's wrongdoings in an amount to be determined at trial;

b. Requiring Coby Lake and Jerry Lake to make public retractions of the false reviews;

c. Granting preliminary and permanent injunctive relief to prevent Coby Lake from making further defamatory remarks; and

d. Such further relief this court deems just and proper.

## COUNT VI
## DEFAMATION (LIBEL) AGAINST DEFENDANT JERRY LAKE

56. Cruise Abaco re-alleges and incorporates Paragraphs 1 through 19, as if fully stated herein.

57. Jerry Lake published a false and defamatory review regarding Cruise Abaco. The review is attached hereto as **Composite Exhibit 'E'**.

58. The review was published on Google Reviews.

59. Specifically, Jerry Lake's review states Cruise Abaco cancelled the charter due to the owner being "upset" over the Vessel's navigation through "Don't Rock Passage" and because the Dinghy motor "fell off."

60. This statement is false and made in an attempt to mislead others by suggesting that Cruise Abaco is unsafe and does not care about the safety of its passengers.

61. This statement is also false and misleading as Cruise Abaco did not cancel the charter, but rather specifically informed the Lake's the charter was not cancelled and to continue enjoying the Vessel.

62. Jerry Lake's review further states he attempted to call the manager to discuss the forced cancellation, but the manager did not answer nor call him back. Instead, he sent someone to take over the Vessel without warning. This is also patently false.

63. Coby Lake abandoned the Vessel and left it on an island from which Cruise Abaco was forced to retrieve it.

64. Jerry Lake's review calls Cruise Abaco's business operations into question and attempts to show that Cruise Abaco cannot conduct its business properly.

65. The review was knowingly false when made and would foreseeably damage Cruise Abaco's reputation. The published review is libelous *per se* because it injures Cruise Abaco in its trade as a vessel charter company.

66. Jerry Lake knew that his review was false and misleading and that by publishing it Cruise Abaco would be harmed.

67. Cruise Abaco was also <u>in fact</u> harmed by having approximately sixty-four percent (64%) fewer bookings for its charters during the first quarter after the review was posted, causing Cruise Abaco to lose business and profits.

68. Cruise Abaco continues to suffer losses due to the negative reviews, by virtue of fewer bookings.

WHEREFORE, Plaintiff, Cruise Abaco, requests entry of Judgment against Defendant, Jerry Lake, as follows:

    a. Awarding Cruise Abaco all compensatory damages including consequential and incidental damages as a result of Jerry Lake's wrongdoing in an amount to be determined at trial;

    b. Requiring Jerry Lake to make a public retraction of the false review;

   c. Granting preliminary and permanent injunctive relief to prevent Jerry Lake from making further defamatory remarks; and

   d. Such further relief this court deems just and proper.

**COUNT VII**
**DEFAMATION (LIBEL) AGAINST DEFENDANT COBY LAKE**

69. Cruise Abaco re-alleges and incorporates Paragraphs 1 through 19, as if fully stated herein.

70. Coby Lake published a false and defamatory review regarding Cruise Abaco. The review is attached hereto as **Composite Exhibit 'E'**.

71. The review was published on Google Reviews.

72. Specifically, Coby Lake's review claims the charter was a disaster; the ownership has issues and tells those reading it not to use Cruise Abaco.

73. Coby Lake's review calls Cruise Abaco's business operations into question and attempts to show that Cruise Abaco cannot conduct its business properly.

74. The review was knowingly false when made and would foreseeably damage Cruise Abaco's reputation. The published review is libelous *per se* because it injures Cruise Abaco in its trade as a vessel charter company.

75. Coby Lake knew that his review was false and misleading and that by publishing it Cruise Abaco would be harmed.

76. Cruise Abaco was also <u>in fact</u> harmed by having approximately sixty-four percent (64%) fewer bookings for its charters during the first quarter after the review was posted, causing Cruise Abaco to lose business and profits.

77. Cruise Abaco continues to suffer losses due to the negative reviews, by virtue of fewer bookings.

WHEREFORE, Plaintiff, Cruise Abaco, requests entry of Judgment against Defendant, Coby Lake, as follows:

a. Awarding Cruise Abaco all compensatory damages including consequential and incidental damages as a result of Coby Lake's wrongdoing in an amount to be determined at trial;

b. Requiring Coby Lake to make a public retraction of the false review;

c. Granting preliminary and permanent injunctive relief to prevent Coby Lake from making further defamatory remarks; and

d. Such further relief this court deems just and proper.

**[SIGNATURE BLOCK IS ON THE NEXT PAGE]**

Respectfully submitted,

*/s/   Jules V. Massee*
**JULES V. MASSEE**
Florida Bar No. 41554
jmassee@hamiltonmillerlaw.com
**SAMANTHA K. PEARCE**
Florida Bar No.: 1013550
spearce@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
Tel: 813-223-1900 / Fax: 813-223-1933
**SERVICE E-MAIL:**
JVMserve@hamiltonmillerlaw.com
*Counsel for Plaintiff, Cruise Abaco LLC*